UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOUANGERN PHOUTTHAVONG,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 26cv583-LL-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF Nos. 1, 2] |

Before the Court are Petitioner Bouangern Phoutthavong's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")] and Motion for Temporary Restraining Order [ECF No. 2 ("TRO")]. Also before the Court are Respondents' Return in Opposition to the Habeas Petition [ ECF No. 5 ("Ret.")] and Petitioner's Traverse [ECF No. 6 "Traverse"]. For the reasons set forth below, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus, **DENIES AS MOOT** the Motion for Temporary Restraining Order, and **ORDERS** Petitioner's immediate release from custody.

**I.   BACKGROUND**

Petitioner, a native and citizen of Laos, entered the United States as a refugee in 1986 and adjusted status to a lawful permanent resident. ECF No. 1-2, Declaration of

Bouangern Phoutthavong ("Phoutthavong Decl."), ¶ 1; ECF No. 5-1, Declaration of Hugo Lara Ramirez ("Ramirez Decl."), ¶ 3. On May 25, 2011, an immigration judge ordered Petitioner removed after he was placed in removal proceedings as a result of several criminal convictions. Phoutthavong Decl. ¶¶ 2–3; Ramirez Decl. ¶¶ 4–6. Both Department of Homeland Security ("DHS") and Petitioner waived appeal of the decision, and it became a final order of removal. Ramirez Decl. ¶ 6. However, Immigration and Customs Enforcement ("ICE") was not able to effectuate Petitioner's removal to Laos and released him on order of supervision on August 1, 2011. Phoutthavong Decl. ¶ 4; Ramirez Decl. ¶ 7. Since his release, Petitioner has never missed a check-in appointment with ICE. Phoutthavong Decl. ¶ 5. On December 2, 2025, ICE arrested Petitioner during his annual check-in appointment. Phoutthavong Decl. ¶ 6; Ramirez Decl. ¶ 8. Petitioner alleges that ICE did not provide him any notice, interview, or an opportunity to contest his detention. Phoutthavong Decl. ¶ 6. Respondents concede that Petitioner was not provided with an informal interview but was issued a notice of revocation of release. Ramirez Decl. ¶ 8. On January 23, 2026, Enforcement and Removal Operation's ("ERO") Removal and International Operations ("RIO") submitted a travel document request to Laos, and the request remain pending. Ramirez Decl. ¶ 9. Petitioner alleges that his re-detention without notice and hearing violates 8 C.F.R. § 214.4(l) and 8 C.F.R. § 241.13(i) and that he is wrongfully detained in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. Pet. at 7–15.

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally,

"the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi*, 542 U.S. at 536 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## III.   DISCUSSION

Petitioner argues that (1) ICE failed to comply with its own regulations before re-detaining Petitioner, violating the Fifth Amendment and 8 C.F.R. § 241.4(l) and § 241.13(i); (2) his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. Pet. at 7–15. Respondents respond that (1) Petitioner's complaints about procedural deficiencies in his re-detention do not establish a basis for habeas relief; (2) Petitioner's claim detention is premature under *Zadvydas*. Ret. 3–7. The Court finds that Petitioner's first claim is meritorious and justifies Petitioner's release; therefore, the Court will only address this claim in this Order.

### A. Due Process

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1. Agency Regulations

Petitioner challenges his detention as unlawful because ICE failed to provide the required notice and opportunity to be heard before re-detaining him, in violation of the Fifth Amendment and 8 C.F.R. § 241.4 and § 241.13. Pet. at 7–10. The Court agrees.

The detention and release of noncitizens that are subject to a final order of removal are governed by 8 U.S.C. § 1231. This statute provides that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). However, once that time passes and "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen must be released on supervised release. *Zadvydas*, 533 U.S. at 699–700; *see* 28 U.S.C. § 1231(a)(3) ("If the [noncitizen] does not leave or is not removed within the 90-day removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General.").

Once ICE releases a noncitizen on supervised release, "ICE's ability to re-detain that noncitizen is constrained by its own regulations." *Nouri v. Herrera*, SA CV 25-1905-JFW(DBT), 2025 U.S. Dist. LEXIS 171809, at *11 (C.D. Cal. Sept. 3, 2025) (citation omitted). Code of Federal Regulations sections 241.4 and 241.13 govern the release and the revocation of such release of noncitizens who are subject to a final removal order. *Diaz v. Wofford*, No. 1:25-CV-01079 JLT EPG, 2025 WL 2581575, at *4 (E.D. Cal. Sept. 5, 2025). If ICE chooses to re-detain a noncitizen after they have been released, the noncitizen must "be notified of the reasons for revocation" and be afforded "an initial informal interview promptly after his or her return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4 (l)(1); 8 C.F.R. § 241.13(i)(3). Thereafter, the noncitizen may "submit any evidence or information that [] [he] believes shows there is no significant likelihood [he may] be removed in the reasonably foreseeable future, or that [he] has not violated the order of supervision." 8 C.F.R. § 241.13(i)(3).

  Here, Respondents do not appear to suggest that Petitioner violated the terms of his supervised release [*see generally* Ret.], ruling out § 241.4(l)(1) or § 241.13(i)(1) as the source of his revocation. Rather they appear to rely on either § 241.4(l)(2) or § 241.13(i)(2). According to the notice of revocation of release, ICE re-detained Petitioner because "there are changed circumstances in [Petitioner's] case," specifically that "ICE is *now* able to obtain valid travel documents for removal to LAOS." Ret. at 5; ECF No. 5-2 at 2. Accordingly, § 241.13(i)(2) applies here.

  Section 241.13(i)(3) not only requires a written notification of revocation of release, but it also requires that "an initial informal interview promptly after his or her return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3). The process allows noncitizens like Petitioner to "submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future." *Id*. Here, Respondents concede that Petitioner was not provided with an informal interview after he was issued a notice of revocation of release. Ramirez Decl. ¶ 8. As other courts have found, ICE's failure to provide an informal interview after the revocation of release constitutes a due process violation. *See Constantinovici v. Bondi*, No. 3:25-CV-02405-RBM-AHG, 2025 WL 2898985, at *6 (S.D. Cal. Oct. 10, 2025) (due process violation where "[n]othing in the record indicates that Petitioner was provided with an interview in connection with the revocation of his release or otherwise afforded an opportunity to respond to the reasons for his re-detention."); *Ceesay*, 781 F. Supp. 3d at 164 ("ICE's failure to afford [petitioner] an interview violated his right to due process"); *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *11 (D. Or. Aug. 21, 2025) (holding that informal interview was not sufficiently "prompt" where it took place twenty-seven days after revocation and collecting cases); Order Granting Habeas Corpus Petition, *Sayvongsa v. Noem*, No.: 3:25-cv-02867-AGS-DEB (S.D. Cal. Oct. 31, 2025), ECF No. 10 (granting petition where petitioner did not receive an informal interview for

twenty-one days after being re-detained). The Court finds that Respondents failed to provide Petitioner an informal interview as required by 8 C.F.R.§ 241.13(i).

Respondents argue that even assuming ICE violated agency regulations, Petitioner "has not established prejudice nor constitutional violation." Ret. at 6. "[T]here are, for present purposes, two types of regulations: (1) those that protect fundamental due process rights, and (2) [] those that do not." *United States v. Raya-Vaca*, 771 F.3d 1195, 1205 (9th Cir. 2014), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). "A violation of the first type of regulation, however, implicates due process concerns even without a prejudice inquiry. *Id*. (holding that where "the regulation violation … constituted a denial of [the defendant's] right to notice and an opportunity to respond, no showing of prejudice [was] necessary to establish a due process violation"). "There can be little argument that ICE's requirement that noncitizens be afforded an informal interview … derives from the fundamental constitutional guarantee of due process." *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 165 n.26 (W.D.N.Y. 2025). Accordingly, Respondents' violation "implicates due process concerns even without a prejudice inquiry." *Raya-Vaca*, 771 F.3d at 1205.

Even if that were not the case, Petitioner suffered sufficient prejudice. In the immigration context, "violation of a regulation does not invalidate a deportation proceeding unless the regulation serves a purpose of benefit to the [noncitizen]," *i.e.*, the violation "prejudiced interests of the [noncitizen] which were protected by the regulation." *United States v. Calderon-Medina*, 591 F.2d 529, 531 (9th Cir. 1979). ICE's failure to comply with the requirements of § 241.4 and § 241.13 "prejudiced interests of [Petitioner] which were protected by the regulation[s]." *Id*. Both § 241.4 and § 241.13 were intended "to provide due process protections to [noncitizens] following the removal period as they are considered for continued detention, release, and then possible revocation of release." *Orellana v. Baker*, Civil Action No. 25-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025). ICE deprived Petitioner of these due process protections when it failed to provide him with a prompt interview to respond to the reasons

for revocation of his release. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Hernandez v. Sessions*, 872 F.3d 976, 995, 1000 (9th Cir. 2017) (holding that "[u]nlawful detention" by immigration officials constituted "irreparable harm"). Therefore, Petitioner was prejudiced by ICE's failure to comply with its own regulations.

In sum, the Court finds that because ICE did not follow its own regulations when it re-detained Petitioner, these failures constitute a violation of Petitioner's due process rights and justifies his release from unlawful detention. *See, e.g.*, *Tran v. Noem*, No. 3:25-CV-02391-BTM-BLM, 2025 WL 3005347, at *3–4 (S.D. Cal. Oct. 27, 2025) (granting a habeas petition where ICE failed to follow § 241.13(i)(3) procedures); *Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-CV-2111-JES-DEB, 2025 WL 2988356 (S.D. Cal. Oct. 23, 2025) (granting a habeas petition where ICE failed to follow § 241.4(l) procedures).

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] and **DENIES AS MOOT** the Motion for Temporary Restraining Order [ECF No. 2]. Respondents are **ORDERED** to immediately release Petitioner from custody subject only to the conditions of his preexisting Order of Supervision. As this concludes the litigation in this case, the Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: February 12, 2026

Honorable Linda Lopez
United States District Judge